**Appeal of Robert HOWARD.**
**No. A–14610.**

Court of Criminal Appeals of Oklahoma.
March 20, 1968.

Robert Howard, pro se.

No appearance for the State.

MEMORANDUM OPINION
GRANTING POST-CON-
VICTION APPEAL

NIX, Presiding Judge.

Whereas, the Attorney General of the State of Oklahoma filed on the 8th day of February, 1968, an instrument labeled "Petition for Delayed Appeal" for and on behalf of one Robert Howard, petitioner herein. This petition being filed as the result of a certain order issued January 12, 1968 by the United States District Court for the Western District of Oklahoma; wherein it was stated that said court had conducted an evidentiary hearing and made a finding that Robert Howard did sustain the burden of proof to show that he was at the time of conviction, and is now, an indigent person entitled to receive his appeal from the conviction of Receiving Stolen Property. After Former Conviction of A Felony, in Oklahoma County District Court Case No. 31416 wherein he was sentenced to Eight (8) Years in the state penitentiary on June 24, 1966. Said order of the Federal Court further stated that such appeal shall be provided within sixty days from the 12th day of January, 1968.

Upon checking the records of this Court, we determined that the petitioner, Robert Howard, has *never* requested that this Court grant him a Post-Conviction Appeal. The only proceeding filed in this Court by the petitioner was an application for a writ of mandamus, cited as Okl.Cr., 427 P.2d 650. This application for a writ of mandamus requested this Court to direct the District Court of Oklahoma County to furnish the petitioner with a casemade at public expense. Inasmuch as the time for appeal had expired when this petition was filed in this Court, we were precluded from granting the writ of mandamus. Further, the District Court had made a finding of fact that the petitioner was represented at trial by his own employed attorney and that he was not an indigent. This Court was not furnished with the transcript of the evidentiary hearing held in the District Court, at that time. [It has now been furnished by the Attorney General] However, as stated above, this Court could not have granted the writ of mandamus for a casemade as the time for appeal had expired.

The petitioner did not file for Post-Conviction Appeal as provided in Title 22, Okl. St.Ann. § 1073, even though this would have been the proper method in lieu of the writ of mandamus.

. Since the Federal Court issued the order of January 12, 1968, *even though the petitioner had not exhausted his state remedies,* this Court, in an effort to protect the public of the State of Oklahoma by preventing a technical error to release a convicted felon before the completion of his prison sentence, issued an order on February 15, 1968, directing that the petitioner complete and file the proper forms in this Court for a Post-Conviction Appeal by March 11, 1968. This has been done.

Therefore, it is the order of this Court, in the interest of society, that the District Court of Oklahoma County, Oklahoma, shall order the preparation of the casemade in case No. 31416 at public expense, for the purpose of appeal in said case. That said District Court shall appoint counsel to perfect the appeal in said case. The petitioner, Robert Howard, shall have Six (6) Months from this date to file the appeal in this Court. Counsel appointed to perfect the appeal shall have Thirty (30) Days thereafter to file a brief in support of the peti-

tion in error, and the State of Oklahoma shall have Thirty (30) Days thereafter to file a brief.

Application for post-conviction appeal granted.

BUSSEY and BRETT, JJ., concur.